UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY PEABODY and
JENNIFER LYNN PEABODY,

       Plaintiff(s),

                               CASE NO. 04-CV-73787-DT
                               JUDGE LAWRENCE P. ZATKOFF
                               MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Defendant.
_____/

**ORDER**
**GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. Ent. 27-1) and**
**DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Doc. Ent. 28)**

This case was removed from Wayne County Circuit Court to this Court on September 28, 2004. Plaintiff's complaint is based upon a first party no fault claim against defendant insurer. Defendant filed its answer on October 1, 2004.

On December 2, 2004, Judge Zatkoff entered a scheduling order setting the final pretrial conference for November 15, 2004, the dispositive motion cutoff for July 7, 2005, and the trailing trial docket for December 1, 2005. Furthermore, Judge Zatkoff provided:

> The discovery cut-off date is: JUNE 15, 2005. ALL DISCOVERY SHALL BE INITIATED WELL IN ADVANCE OF THE DISCOVERY CUT-OFF DATE. MOTIONS TO COMPEL, IF NECESSARY, MUST BE **FILED AND HEARD** BEFORE THE DISCOVERY CUT-OFF DATE.

(Doc. Ent. 7 ¶ 3) (emphasis in original).

On February 3, 2004, plaintiff filed a motion to compel discovery. (Doc. Ent. 10). That motion was referred to me by Judge Zatkoff and was scheduled for oral argument. However, on

March 31, 2005, I entered an order deeming withdrawn plaintiff's motion to compel. (Doc. Ent. 23). According to plaintiff, "defense counsel indicated that he would provide Plaintiff with the requested information if Plaintiff would dismiss [the] motion[;]" and "Plaintiff dismissed the motion to compel, however, Defendant did not provide Plaintiff with full and complete answers and/or responses to the outstanding discovery requests." Mtn. at 2 ¶¶ 9-10.

On June 15, 2005, plaintiff filed the instant motion to compel discovery (Doc. Ent. 27-1) and to extend discovery deadline (Doc. Ent. 27-2). Plaintiff requests that:

> . . . this Honorable Court extend the discovery on this file for 60 days to allow these depositions to occur, order the Defendant to fully answer Plaintiff's discovery requests by naming the proper State Farm adjusters, order the Defendant to produce these adjusters for deposition and provide Plaintiff with the names, last known address(es) and telephone numbers) of each and every adjuster that worked on this claim that is no longer employed with State Farm so that discovery can proceed.

Mtn. at 2-3.

On June 17, 2005, defendant filed an objection to plaintiff's notice of taking deposition of 46 State Farm employees/claims representatives and motion for protective order. (Doc. Ent. 28).[1] Defendant claims it produced the claims file in January 2005. According to defendant, plaintiff's June 14, 2005, deposition notice is defective for several reasons. (Doc. Ent. 28 at 3-4 ¶ 14).[2] Defendant also moves, under Fed. R. Civ. P. 26(c), for a protective order. (Doc. Ent. 28 at 5 ¶ 14). Defendant also claims that Fed. R. Civ. P. 16(f) sanctions are appropriate for

---

[1] On June 21, 2005, Judge Zatkoff referred these motions to me for determination. (Doc. Ent. 29).

[2] "Plaintiff's June 14, 2005 deposition notice should be quashed and a protective order entered in defendant's favor because the notice is untimely, unreasonable and non-compliant with Fed. R. Civ. P. 30." (Doc. Ent. 28 Br. at 12).

plaintiff's failure to comply with Judge Zatkoff's December 2004 scheduling order.  (Doc. Ent. 28 at 5 ¶ 16).

On June 22, 2005, defendant filed a request for oral argument on its objection to plaintiff's notice of taking depositions and motion for protective order.  (Doc. Ent. 30).  My deputy clerk set the hearing for July 20, 2005.  (Doc. Ent. 31).  On June 24, 2005, defendant filed a response to plaintiff's motion.  (Doc. Ent. 32).[3]

On July 20, 2005, I held a hearing regarding plaintiff's motion.[4]  Following oral argument, I concluded that if plaintiff's request had been set forth in an interrogatory, defendant could not just refer to bankers boxes - it would have to provide guidance to plaintiff.  I concluded that the obligation to provide a chronological list of adjusters who handled the file should fall upon defendant.

For this reason, plaintiff's motion to compel discovery (Doc. Ent. 27-1) is GRANTED and defendant's motion for protective order (Doc. Ent. 28) is DENIED.  Defendant shall provide plaintiff with the above-described list within fourteen (14) days of the date of this order. Within two days of receipt of this list, plaintiff shall inform defendant of the individuals to be deposed.  Plaintiff's motion to extend discovery deadline (Doc. Ent. 27-2) is taken under advisement and will be addressed once the parties have exchanged the information as outlined.

IT IS SO ORDERED.

---

[3]On July 7, 2005, defendant filed a motion for summary judgment.  (Doc. Ent. 33).  That motion is currently pending before Judge Zatkoff.

[4]Plaintiff was represented by attorney James McKenna and defendant was represented by attorney Nathan J. Edmonds.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
|  | s/Paul J. Komives |
|  | PAUL J. KOMIVES |
| Dated: 7/20/05 | UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 20, 2005.
>
> s/Eddrey Butts
> Case Manager